■ DANIEL McNAMARA, Respondent, v. ALLSTATE INSURANCE COMPANY, CHICAGO, ILLINOIS, Appellant.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals denied. Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ DANIEL McNAMARA, Respondent, v. ALLSTATE INSURANCE COMPANY, CHICAGO, ILLINOIS, Appellant.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals denied. Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

## FIRST DEPARTMENT, FEBRUARY, 1959 *

## (February 19, 1959)

■ In the Matter of JACOB TIM, Deceased. VERA POSES et al., Appellants; FISHEL RUDAWSKI et al., Respondents.— Motion granted to the extent and on the conditions stated in the order. Concur — Botein, P. J., Breitel, M. M. Frank, McNally and Stevens, JJ.

## FIRST DEPARTMENT, MARCH, 1959

## (March 3, 1959)

■ In the Matter of the Accounting of CHEMICAL CORN EXCHANGE BANK et al., as Trustees under the Will of WILLIAM C. HERRICK, Deceased. ELIZABETH K. ABBOTT et al., Appellants; JOHN J. FIELDS, 3RD, as Cotrustee, Respondent.— Order of June 30, 1958 unanimously affirmed, with $10 costs and disbursements of this appeal to the respondent. No opinion. Order of January 7, 1959 unanimously affirmed, with $10 costs and disbursements of this appeal to the respondent. No opinion. Concur — Botein, P. J., M. M. Frank, McNally and Stevens, JJ.

■ CHARLES J. MORMILO, Appellant-Respondent, v. ALLIED STEVEDORES CORP., Appellant, and JOHN W. McGRATH CORPORATION, Respondent.— The judgment appealed from is unanimously affirmed as against John W. McGrath Corporation, with costs to said defendant-respondent. The judgment as to Allied Stevedores Corp. is unanimously reversed on the law and on the facts and a new trial directed in the exercise of discretion on the ground that the verdict is against the weight of the credible evidence on the issue of liability, with costs to abide the event. On this record plaintiff's version of the occurrence and of the manner in which he sustained his injuries is highly improbable. The jury's verdict is entitled to considerable weight but does not require affirmation when we are morally certain that the evidence is incredible. (*Bottalico* v. *City of New York*, 281 App. Div. 339, 341.) Moreover, there was a failure of proof on the issue of Allied's control of the offending hi-lo, but such failure may be remediable. Possibly the requisite proof of control of the hi-lo can be furnished on a new trial. It was incumbent upon the plaintiff to establish that the hi-lo and the operator thereof were supplied by Allied. The defendant-appellant's limited admissions in its answer, taken together, do not sufficiently connect it with the offending hi-lo. The plaintiff did not identify the owner or the operator of the hi-lo utilized to unload his trailer. In order to sustain his burden of proof, plaintiff was required to prove that on December

* Not published with other decisions of Feb. 19, 1959, 7 A D 2d 905.— [REP.